IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEPHEN BASS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-24-CV-1057-FB |
| | § | |
| CHAIN ELECTRIC COMPANY; PRIMELINE UTILITY SERVICES LLC; ALTEC INDUSTRIES, INC.; INDUSTRIAL INSPECTION & ANALYSIS, INC.; and IIA LIFTING SERVICES, INC., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER GRANTING UNOPPOSED AND AGREED MOTIONS TO EXTEND SCHEDULING ORDER DEADLINES**

Before the Court is are: (1) Plaintiff's Unopposed Motion to Extend Time for Deadlines (ECF No. 34); (2) the Agreed Motion to Extend Deadlines (ECF No. 37); (3) Plaintiff's Unopposed Motion to Extend Deadlines (ECF No. 38); and (4) Plaintiff's Unopposed Motion to Extend Deadlines filed on September 17, 2026 (ECF No. 39). Based on the information contained in each of the motions, the Court finds good cause exists for the extensions of the requested deadlines and therefore, the motions have merit and should be granted.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Unopposed Motions and the Agreed Motion to Extend Deadlines (ECF Numbers 34, 37, 38 and 39) are GRANTED such that the deadlines set forth in the Scheduling Order entered in this case on September 30, 2025 (ECF No. 24), are amended as follows:

1. The parties shall complete ADR (usually mediation) in compliance with Rule CV-88, by **December 29, 2026**. A motion objecting to ADR must be filed no later than **October 29, 2026**.

4. All parties asserting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by **October 28, 2026**. Parties resisting claims for relief shall file their

designation of testifying experts and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2) by **December 16, 2026**. All designations of rebuttal experts shall be designated within **14** days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony by **March 17, 2027**.

6. The parties shall complete all discovery on or before **March 1, 2027**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed no later than **March 17, 2027**. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to **20** pages in length. Replies, if any, shall be limited to 10 pages in length in accordance with Local Rule CV-7(f).

8. **The trial date will be determined at a later date by the Court.** The parties shall consult Local Rule CV-16(e)-(g) regarding matters to be filed in advance of trial. At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial.

Except for the changes indicated above, the Scheduling Order filed September 30, 2025 (ECF No. 24), remains in effect as issued.

It is so ORDERED.

SIGNED this 17th day of September, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE